STATE OF CONNECTICUT *v.* ANDREAS P.
LEWIS, JR.
(AC 33198)

Alvord, Bear and West, Js.

Argued February 8—officially released March 13, 2012

*James B. Streeto*, assistant public defender, for the appellant (defendant).

. *Rocco A. Chiarenza*, deputy assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, *Susan C. Marks*, supervisory assistant state's attorney, and *David A. Gulick*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Andreas P. Lewis, Jr., appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (1).[1] On appeal, the defendant claims that the court improperly denied his timely request to poll the jury.[2] We agree and, therefore, reverse the judgment of the trial court.

The following facts are necessary for our disposition of the defendant's claim. Following deliberations, the jury returned a guilty verdict and the court then ordered the verdict accepted and recorded. After the jury returned its verdict, the court provided further instructions to the jury and thanked it for its service. During those instructions, the defendant interjected to request a poll of the jury. Despite the defendant's request to

---

[1] The court sentenced the defendant to a total effective sentence of thirteen years incarceration, suspended after eight years, and five years probation.

[2] On appeal, the defendant also claims that (1) the court failed to take steps to ensure that the defendant received a proper night's sleep during the trial, therefore depriving him of his constitutional rights, (2) the court improperly barred the defendant from presenting a critical witness under a sequestration order and (3) the state's attorney committed prosecutorial impropriety during the trial and in his closing argument to the jury. We do not reach the merits of the defendant's other claims because they are unlikely to arise on retrial. See *State* v. *Jones*, 289 Conn. 742, 769 n.25, 961 A.2d 322 (2008).

conduct a poll pursuant to Practice Book § 42-31,[3] the court stated that the jury already had been discharged, declined to poll the jury and dismissed the jury to the assembly room. The defendant asked that the record reflect that the jury still was present in the courtroom when the defendant made his request to poll the jury, and the court replied that the record would so reflect.

Clearly, the record reflects that the defendant requested that the jury be polled and that the court denied the request. "Our review of the defendant's claim necessarily includes consideration of [whether the defendant made] a *timely* request to poll the jury. A request to poll the jury is timely within the parameters of Practice Book § 42-31 if it is submitted prior to the jury's discharge. '[T]he discharge of a jury is not triggered by its departure from the courtroom, but, rather, by the separation and dispersal of its individual members.' *State* v. *Pare*, [253 Conn. 611, 629–30, 755 A.2d 180 (2000)]. Prior to the time jurors separate and disperse, they are unlikely to come into contact with outside influences that could taint any subsequent poll." (Emphasis in original.) *State* v. *James P.*, 96 Conn. App. 93, 100, 899 A.2d 649, cert. denied, 280 Conn. 910, 908 A.2d 540 (2006).

In making his claim, the defendant relies on our Supreme Court's decision in *State* v. *Pare*, supra, 253 Conn. 611, in which it held that "pursuant to [Practice Book] § 42-31, a trial court's obligation to poll the jury upon a timely request from either party is mandatory";

---

[3] Practice Book § 42-31 provides: "After a verdict has been returned and before the jury have been discharged, the jury shall be polled at the request of any party or upon the judicial authority's own motion. The poll shall be conducted by the clerk of the court by asking each juror individually whether the verdict announced is such juror's verdict. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or they may be discharged." We note that § 42-31 applies only in criminal trials.

*State* v. *Pare*, supra, 621; and that a violation of that rule of practice "requires automatic reversal of the judgment." Id., 639. The state concedes that the defendant made a timely request to poll the jury while the jury remained in the courtroom, which mandated that the court order the clerk of the court to poll the jurors individually. Further, the state concedes that in accordance with *Pare*, the court's refusal to poll the jury after a timely request is not subject to harmless error analysis and requires automatic reversal. See id., 638–39. We agree and therefore conclude that the court's denial of the defendant's timely request to poll the jurors individually requires automatic reversal of the judgment.

The judgment is reversed and the case is remanded for a new trial.